James Hershel HOLLAND, Appellant,

v.

The STATE of Texas, State.

No. 2–89–252–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 27, 1991.

Rehearing Overruled Jan. 8, 1992.

Alley & Alley, and Richard Alley, Trimber & McAfee, P.C., and George Trimber, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Chris Marshall, Asst. and David L. Richards, Lisa Bruner, David Ward, Assts., Fort Worth, for appellee.

Before FARRIS, DAY and LATTIMORE, JJ.

## OPINION

DAY, Justice.

James Hershel Holland appeals his conviction for the offense of driving while intoxicated. *See* TEX.REV.CIV.STAT. ANN. art. 6701*l*-1(b) (Vernon 1989). We affirm.

The issue in this case is whether an extraneous offense is admissible for jury consideration in assessing punishment and recommending probation when a defendant applies for probation, pleads not guilty but is found guilty, and then testifies in support of his application.

Holland was charged, tried, and convicted of the offense of driving while intoxicated (DWI). At a hearing outside the presence of the jury, the State sought to introduce evidence of Holland's past alcohol-related offenses. Specifically, the State offered three exhibits. The first contained certified copies of documents from the previous DWI, including the criminal docket sheet, the information, complaint, and a motion to dismiss. The second exhibit contained records from the same Parker County court which included the complaint, information, criminal docket sheet, and plea of guilty indicating that Holland had been charged and convicted of the offense of reckless driving. Apparently, the DWI charge was dismissed upon Holland's plea of guilty to the offense of reckless driving. The first State's exhibit reflected that Holland's blood alcohol concentration at the time of his prior arrest was .12.

During final argument at the punishment phase in the instant case, the State repeatedly argued that Holland should not be granted probation since his driving history demonstrated a repeated involvement with alcohol. This argument was based upon the State's three exhibits which showed that Holland's previous reckless driving conviction was the result of a plea bargained "reduction" of the driving while intoxicated charge. The State's exhibits were admitted over Holland's objections. The jury subsequently rejected Holland's application for probation.

In his first point of error, Holland contends the trial court erred in admitting into evidence the State's exhibits evidencing the previous charge of DWI. The State insists that section 3 of article 37.07 of the Texas Code of Criminal Procedure, which was amended by the legislature in 1989, governs the admissibility of extraneous unadjudicated offenses during the punishment phase of the trial.[1] The Code provides, in pertinent part, as follows:

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, *as permitted by the Rules of Evidence,* be offered by the state and the defendant *as to any matter the court deems relevant to sen-*

---

1. For purposes of the amended version of article 37.07, it is irrelevant whether or not the evidence introduced by the State is a "final conviction material to the offense charged," or is an extraneous, unadjudicated offense; as the statute now provides that "evidence may be offered *as to any matter the court deems relevant to sentencing.*" This language clearly expands the categories of evidence admissible at the punishment stage of a trial.

*tencing,* including the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(a) (Vernon Supp.1991) (emphasis added).

■ State's exhibit number two, the subject of this point of error, contained certified copies of five documents from a case in which Holland was previously charged with, and convicted for, the offense of reckless driving: a criminal docket sheet; a criminal information; a complaint; a bond; and a motion to dismiss. The State contends that this evidence is relevant to Holland's application for probation and therefore admissible. We agree.

The Court of Criminal Appeals has departed from long-standing precedent to hold that specific instances of conduct, even when offered as relevant to a defendant's application for probation, are inadmissible. *Murphy v. State,* 777 S.W.2d 44 (Tex.Crim.App.1988). The *Murphy* court categorically held that:

> [W]hether past criminal conduct by an applicant for probation may reveal a trait or propensity to violate the law is *not relevant* to a material issue tendered by an application for probation in a punishment proceeding before a jury.

*Id.* at 67 (emphasis added). Under the law as announced in *Murphy,* Holland's allegation as to the inadmissibility of evidence of his DWI *charge* and subsequent conviction for reckless driving would be valid. However, our analysis of *Murphy* is not dispositive of the case at bar. The 1989 amendment of article 37.07 and the interpretive decisions of other courts lead us to the conclusion that Holland's claim must fail.

The Beaumont Court of Appeals recently applied the amended language of section 3(a) of article 37.07, and held that the revised statute overruled *Murphy* as to this specific issue:

We hold that the language that evidence may, as permitted by the Rules of Evidence, be offered by the State and the defendant as to any matter the court deems relevant to sentencing is additional to and separate and independent of the "prior criminal record of the defendant." This relevant evidence is also independent of and separate from evidence of the defendant's general reputation and his character. TEX.R.CRIM.EVID. 401 defines relevant evidence: the evidence is relevant if it has any *tendency* to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. We note that the language used is "any tendency to make the existence of any fact that is of consequence to the determination of the action." Part of the determination of the action, of course, was the assessment of punishment.

. . . .

As an additional and separate, distinct basis of our overruling point of error one, we note that *the legislature has provided that any matter that the court deems relevant to sentencing is admissible.*

*Huggins v. State,* 795 S.W.2d 909, 911 (Tex.App.—Beaumont 1990, pet. ref'd) (emphasis added). We agree with the Beaumont court that the amendment to Article 37.07 overrules *Murphy. Hubbard v. State,* 809 S.W.2d 316 (Tex.App.—Fort Worth 1991, no pet. h.). We believe Holland's prior offense had significant value in the jury's determination of his capability not to violate laws. In addition, we maintain that a jury, "[i]n [its] determination of the appropriateness of probation, [is] entitled to know the defendant's criminal history, just as the judge is provided in a presentence report when he considers the same." *Murphy,* 777 S.W.2d at 53 (White, J. dissenting). The defendant's "rehabilitative potential, likelihood of recidivism, danger to the community, and suitability to a probationary environment" is relevant in light of the fact that "[p]robation is considered a privilege, not a punishment...." *Murphy,* 777 S.W.2d at 51 (White, J., dis-

senting). We too are hesitant to deprive the jury of admissible and probative evidence with which it could assess a fair and appropriate sentence.

Furthermore, the new version of article 37.07 uses virtually the same language found in article 37.071(a) which governs the admissibility of evidence in the punishment phase of a capital trial. As such, the same standard of admissibility should apply. *See Gentry v. State,* 770 S.W.2d 780 (Tex. Crim.App.1988), *cert. denied,* 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1013 (1989).

■ However, a reading of article 37.07, § 3(a) in its present form clearly shows that any evidence offered to any matter the court deems relevant to sentencing must nonetheless be that which is permitted by the Rules of Criminal Evidence. *Grunsfeld v. State,* 813 S.W.2d 158, 168 (Tex. App.—Dallas, no pet. h.). While Rule 402 provides that all relevant evidence is admissible unless it is otherwise proscribed, Rule 403 provides the general authority to exclude relevant evidence on the basis of prejudice, confusion of issues, misleading the jury, undue delay, and cumulativeness. In the instant case, any possible prejudicial effect of these offenses does not outweigh their probative value. The inherent dangers of unfair prejudice and confusion of the issues are absent when the issue of guilt is already resolved. Holland had already been found guilty, thus, there was no danger that these extraneous offenses were utilized by the jury in convicting him.

■ The Dallas court in *Grunsfeld* applied a two-part test in determining when the evidence of extraneous offenses, even if relevant, could be admitted. "First, it would have to be evidence permitted by the rules of evidence. Second, if it is part of a defendant's prior criminal record, as it has been considered in the past, it must comply with the statutory definition of that term." *Grunsfeld,* at 166. The Dallas court went on to find that the amendment to Article 37.07 did not authorize the introduction of extraneous, unadjudicated offenses and their details in view of the retention of the term "prior criminal record" and its limiting definition, the history of the statute itself and the legislative history of the 1989 amendment. *Id.* at 171.

We disagree with the construction given to this language by the Dallas court. Instead, we follow the lead of the Houston, San Antonio, and Beaumont courts in holding that extraneous offenses of the kind introduced here are admissible in determining a defendant's fitness for probation. *See e.g., Gallardo v. State,* 809 S.W.2d 540 (Tex.App.—San Antonio 1991, pet. pending); *Munoz v. State,* 803 S.W.2d 755 (Tex. App.—Houston [14th Dist.] ), pet. ref'd per curiam, 809 S.W.2d 501 (Tex.Crim.App. 1991); *McMillian v. State,* 799 S.W.2d 311, 313–14 (Tex.App.—Houston [14th Dist.] 1990, pet. granted).

■ Therefore, we find that evidence of Holland's extraneous DWI arrest and subsequent reckless driving conviction were admissible. *See* TEX.R.CRIM.EVID. 404(c) (in the penalty phase, evidence may be offered by an accused or by the prosecution as to the prior criminal record of the accused). We hold that the evidence submitted is "of consequence" to Holland's punishment. Accordingly, we overrule Holland's first point of error.

■ Holland's remaining points of error assert that the trial court erred in overruling his motion for mistrial due to the State's improper jury argument during the punishment phase of the trial. Holland's second, third, and fourth points of error contend that the State improperly referred to the details surrounding his prior reckless driving offense, including the fact that he had initially been charged with DWI and had a blood alcohol concentration of .12. Holland claims that the State's comments regarding his prior offense adversely affected the jury's consideration of Holland's application for probation. Specifically, Holland contests the following statements:

> Probation is for somebody who doesn't have a prior offense also. Now, based on the eligible [sic] for probation as you heard and as is in the Charge that will be given to you, all they have to say is they've never been convicted of a felony

offense. And then you're eligible for probation. However, my feeling is with a DWI if he's had priors I don't think he should be eligible.

. . . .

He was not convicted of DWI. I'm sorry. I don't mean to mislead you. Those documents are in evidence also. He was arrested for DWI, took a breath test. You can see that he blew a .12 on the breath test and then got it plea bargained down to reckless driving.

. . . .

And then we have the DWI arrest. Reckless driving is the conviction, so he does obviously drive reckless in addition to everything else. Somebody has a problem.

. . . .

He has a history of alcohol related involvement with his vehicle, vehicle being a deadly weapon basically.

. . . .

Reckless driving, that's in his vehicle. Arrest for DWI, that's in his vehicle. This DWI which he was just found guilty of, that's also in his vehicle. All alcohol related.

. . . .

He has a prior public intoxication case involved with his vehicle, getting to his vehicle. He has a DWI and you can read it, arrest, stop, blew a .12 on the case and you can read what the prosecutor said in that case.

. . . .

He was given a second chance with that DWI arrest that ended up being dismissed.

We find the State's constant and inaccurate statements of the prior occurrence improper but hold that the error in permitting this argument was harmless. We have previously held that the trial court properly admitted, over Holland's objection, evidence of his prior reckless driving offense, etc., at the beginning of the punishment phase of the trial. Therefore, we find beyond a reasonable doubt that the State's closing argument regarding Holland's prior arrest and conviction for the offense of reckless driving did not contribute to the punishment assessed. We overrule Holland's second, third, and fourth points of error.

■ Holland's fifth point of error contends that the State's improper jury argument expressed untrue facts and misstated the average punishment for DWI offenses in Tarrant County. The exchange between the court and the parties as to the disputed comment follows:

MS. BRUNER: The State feels that the proper punishment in this case, given that $1,000 and one year would be the average for a first offense DWI—

MR. TRIMBER: Objection, Your Honor, that's not true. That's another misstatement of what the average here is in Tarrant County.

MS. BRUNER: Under the punishment range, Your Honor.

THE COURT: Sustained.

MR. TRIMBER: Okay, with that in mind, we'd move for a mistrial, Your Honor.

THE COURT: Motion denied.

MR. TRIMBER: We'd ask the Court to instruct the jury to disregard the remarks by the District Attorney's office.

THE COURT: Members of the jury, you've been instructed before not to pay any attention to what these lawyers say. They're not witnesses in the case, they haven't been sworn to tell the truth.

So please be guided by the evidence, strictly by the evidence handed to you by the sworn testimony of the witnesses.

MR. TRIMBER: And again, Your Honor, we'd move for a mistrial.

THE COURT: Motion denied.

MR. TRIMBER: An exception to the Court's ruling.

The State's argument was clearly improper since it constituted evidence outside the record. However, we conclude that any error which resulted was harmless. The State's argument was not so prejudicial that the court's instructions to the jury to disregard the comment could not overcome the potential harm suffered by Holland. *Garza v. State*, 633 S.W.2d 508, 515 (Tex. Crim.App. [Panel Op.] 1982); *Guerra v.*

*State,* 478 S.W.2d 483, 486 (Tex.Crim.App. 1972); *Harris v. State,* 475 S.W.2d 922, 924 (Tex.Crim.App.1972). Holland's fifth point of error is overruled.

The judgment of the trial court is affirmed.

LATTIMORE, Justice, dissenting.

I respectfully dissent, because I conclude that reversible error occurred when the trial court admitted evidence of a prior DWI charge over Holland's objections.

Over three years prior to his arrest in the instant DWI case, Holland was arrested on another DWI charge. The prior case was dismissed upon his plea of guilty to the Class C misdemeanor of reckless driving. Assuming arguendo that the reckless driving complaint, information, and judgment of conviction were admissible to show a "final conviction material to the offense charged" under TEX.CODE CRIM.PROC. ANN. art. 37.07 § 3(a) (Vernon Supp.1991), I conclude that admission of the evidence relating to the prior DWI charge was in contravention of TEX.R.CRIM.EVID. 403. The probative value of this evidence was substantially outweighed by its danger of unfair prejudice.

The documents admitted relating to the earlier DWI charges included a jail record with a cryptic note saying "DWI (0.12%)." This note apparently indicated that Holland had a breath alcohol concentration over the legal limit of .10, as the DWI complaint and information in the prior case, charged Holland with having a breath alcohol concentration of at least .10. When the DWI complaint, information, and jail documents were tendered as evidence, Holland objected on the basis that the prejudicial value would outweigh the probative value and inflame and prejudice the jury against him. The objection was overruled and the exhibits were admitted.

Included among these several exhibits was the State's motion to dismiss the prior DWI charge, which read, in pertinent part:

The defendant in this case did not appear or act intoxicated on the video. The breath score which was relatively low is not conclusive. The fact that the test was run twice and this office did not receive both test analysis forms.[sic] This office considers a failure to submit all test results to this office for our consideration a must. However, this defendant did enter a plea to the lesser charge of Reckless Driving.

It was generally impermissible to reveal the circumstances of any final prior conviction prior to the 1989 revision of article 37.07 § 3(a), because only final convictions were admissible to show the prior criminal record, and offenses not resulting in conviction were usually inadmissible at the punishment stage. *Murphy v. State,* 777 S.W.2d 44 (Tex.Crim.App.1988), *Walker v. State,* 610 S.W.2d 481, 483 (Tex.Crim.App. [Panel Op.] 1980). The majority opinion in the case at bar concludes that *Murphy* was overruled when the legislature added the phrase "any matter the court deems relevant to sentencing" to article 37.07 § 3(a). I find it unnecessary to decide whether *Murphy* is the controlling law, because article 37.07 only allows admission of evidence which is permitted under the Rules of Evidence.

Evidence that the defendant committed an extraneous offense is not admissible unless the commission of the extraneous offense is "clearly proved" and the accused is shown to be the perpetrator. *Castillo v. State,* 739 S.W.2d 280, 289 (Tex.Crim.App. 1987); *McCann v. State,* 606 S.W.2d 897, 900–01 (Tex.Crim.App. [Panel Op.] 1980); *Govan v. State,* 671 S.W.2d 660, 663 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd). I conclude that the combination of the prior DWI complaint, information, and note on the jail book-in card showing "DWI (0.12%)" from some unidentified source are insufficient to "clearly prove" that Holland previously drove while intoxicated or even that the prior conviction for reckless driving was alcohol related, as urged by the State on appeal. This is particularly true in this case, since the State's motion to dismiss the prior DWI showed that it (previously) did not believe it had reliable proof that Holland was driving while intoxicated. The proof that Holland had previously driven while intoxicated or that he was under

the influence of alcohol when he drove recklessly was weak, and substantially outweighed by the prejudice to Holland; therefore, I conclude that the trial court erred in admitting evidence of the previous DWI charge. *See* TEX.R.CRIM.EVID. 403.

Furthermore, I am unable to conclude that Holland was not harmed by admission of the prior DWI evidence. *See* TEX. R.APP.P. 81(b)(2). Additional matters were presented to the jury that would not have come in had the DWI charges not been admitted. First, the State was allowed to question Holland about the prior DWI case, thereby obtaining his admission that he had consumed three beers on the day of that arrest.[1] Second, admission of the extraneous DWI evidence apparently gave the State the notion that it had a steady green light to discuss the dismissed DWI in its jury argument, and it was not even deterred by the trial court's sustaining defense objections to the argument. The State argued as follows:

> Probation is for somebody who doesn't have a prior offense also. Now, based on the eligible [sic] for probation as you heard and as is in the Charge that will be given to you, all they have to say is they've never been convicted of a felony offense. And then you're eligible for probation. However, my feeling is with a DWI if he's had priors I don't think he should be eligible.
> [DEFENSE COUNSEL]: Objection....
> THE COURT: Sustained.
> ....
> [PROSECUTOR]: He was not convicted of DWI. I'm sorry. I don't mean to mislead you. Those documents are in evidence also. He was arrested for DWI, took a breath test. You can see that he blew a .12 on the breath test and then got it plea bargained down to reckless driving. All of that reflects—
> [DEFENSE COUNSEL]: Object ... we'd urge for a mistrial.
> THE COURT: That motion's denied.

> ....
> [PROSECUTOR]: And then we have the DWI arrest.
> ....
> He has a history of alcohol related involvement with his vehicle, vehicle being a deadly weapon basically.
> [DEFENSE COUNSEL]: Objection....
> THE COURT: Sustained.
> ....
> [PROSECUTOR]: Reckless driving, that's in his vehicle. Arrest for DWI, that's in his vehicle. This DWI which he was just found guilty of, that's also in his vehicle. All alcohol related.
> ....
> [PROSECUTOR]: What would make you think that he's going to rehabilitate himself when he doesn't think he did anything wrong in any of these cases, as he told you. Probation shouldn't even be the issue or question in this case.
> You look at this punishment range and you can see that the average, or roughly the average under the first offense DWI is a $1000 fine and a year in jail. That would be average for a first offense DWI on this scale right here. A $1,000 fine and a year in jail.
> We know we don't have the average first offender, do we? We have a man that's 49 years old. He has a prior public intoxication case involved with his vehicle, getting to his vehicle. He has a DWI and you can read it, arrest, stop, blew a .12 on the case and you can read what the prosecutor said in that case. They're in these documents, and a reckless driving charge, conviction.
> He had beer cans in his car and that adds insult to injury, somebody driving in their vehicle and drinking at the same time, insult to injury. And that's even after these prior chances. That's after he was given a warning, stop it. He was given a second chance with that DWI arrest that ended up being dismissed.
> ....

---

1. It is clear that any objection to such questioning would have been fruitless, and that Holland's testimony amounted to a denial that he was intoxicated on that prior occasion. Under such circumstances, he did not waive his prior objections to the extraneous DWI evidence.

[PROSECUTOR]: The State feels that the proper punishment in this case, given that $1,000 and one year would be the average for a first offense DWI—

[DEFENSE COUNSEL]: Objection. . . .

. . . .

THE COURT: Sustained.

The jury sentenced Holland to thirty days confinement and a $2,000.00 fine. The evidence at trial showed that, at 3:50 a.m., an officer noticed Holland's automobile because its high beam headlights were on as it approached the officer coming from the opposite direction. The beams were not dimmed after the officer put on his high beams. The officer made a U-turn to follow Holland's car, and observed that the car made a sweeping motion from an inside lane to an outside lane, then a right turn. Then, the car weaved in between the driving lane indicator and the curb, making sharp movements to avoid the curb. At that point, the officer stopped Holland and, ultimately, concluded that he was intoxicated. The officer found ten more or less empty beer cans in Holland's vehicle.[2] Holland refused the breath test.

The only evidence introduced by the State at punishment was the reckless driving/DWI evidence discussed above, and evidence that Holland had been convicted of public intoxication in a parking lot about three years prior to the instant offense. Holland testified that he had worked at General Motors for twenty-seven years, was a divorced father, his two children lived with him, both had been valedictorians in high school and were attending college with his support. He further testified that he had never been convicted of a felony and would abide by terms of probation. Despite Holland's eligibility for probation, the jury assessed his punishment at thirty days confinement and a $2,000.00 fine. The punishment range in this case is confinement for seventy-two hours to two years with a fine of from $100.00 to $2,000.00.

Considering the record in this case, I cannot conclude that the error in admission of the DWI charges did not harm Holland. I would sustain the first point of error, reverse the judgment of the trial court, and remand for a new trial on punishment.

---

**2.** The information did not charge Holland with having an open container of alcohol for en-

hancement of punishment.