Arthur **LAFAYETTE, Jr., Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 6-92-005-CR.

Court of Appeals of Texas, Texarkana.

June 9, 1992.

**132**

Ralph K. Burgess, Hubbard, Patton, Peek, Haltom, Roberts, Texarkana, for appellant.

John F. Miller, Jr., Bowie County Dist. Atty., Bi–State Justice Building, Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Arthur Lafayette, Jr. appeals from a criminal conviction. He was tried before a jury and found guilty of burglary of a motor vehicle. His punishment was assessed by the jury at ten years' imprisonment.

A citizen observed two men in the Wadley Hospital parking lot taking a tool box out of a parked car and loading it into a pickup truck. She called the police. When the police arrived and turned on their red lights, the pickup truck led them on a high speed chase through the city. Arthur Lafayette was driving the pickup truck.

Lafayette brings two points of error, contending the trial court erred in allowing a witness who was not on the witness list to testify and in allowing the State to introduce evidence of four misdemeanor informations and one felony indictment at the punishment phase of the trial.

We first address Lafayette's contention that the trial court erred in allowing Kenneth Smith, who was not listed as a witness, to testify.

Upon request by the defense, notice of the State's witnesses should be given. *Stoker v. State*, 788 S.W.2d 1, 15 (Tex. Crim.App.1989); *Young v. State*, 547 S.W.2d 23, 27 (Tex.Crim.App.1977). If a witness not on the list is nevertheless allowed to testify, the standard of review is whether the trial court abused its discretion. *Stoker*, 788 S.W.2d at 15. The two factors to be considered in determining whether there has been an abuse of discretion are whether the prosecutor acted in bad faith in failing to disclose the name of

the witness and whether the defendant could reasonably have anticipated that the witness would testify despite the State's failure to disclose the name. *Bridge v. State*, 726 S.W.2d 558, 566–67 (Tex.Crim. App.1986).

Kenneth Smith was riding in the truck when the crime took place, he was on the State's subpoena list, and his statement was included in the information provided to the defense. Counsel for Lafayette admitted that all of the objective factors in the case indicated that Smith would be called to testify.

Smith was not, however, listed on the witness list. Lafayette's counsel noticed that Smith's name was not on the list and wrote the district attorney's office asking them to update their discovery.[1] Lafayette's counsel also interviewed Kenneth Smith, but Smith denied having knowledge of the events in question.

The prosecutor and the defense attorney met four days before trial and discussed the discovery information. The assistant district attorney contends that the attorneys discussed every witness that the State planned to call. Counsel for Lafayette maintains that the assistant district attorney merely stated that he had already provided Lafayette with the witness list.

Discovery in criminal cases in Bowie County is generally informal. The district attorney's office gives the defense the police file. A court order is required only if there is a discovery request that the parties cannot agree on.

The trial court had discretion to decide whether to allow the witness to testify. *Stoker*, 788 S.W.2d 1. It concluded that, despite the omission of Smith's name from the list, the defense could reasonably have anticipated that Smith would testify. There is no indication in the record that the State acted in bad faith, only that the State negligently failed to list Smith as a witness. The trial court did not abuse its discretion in allowing Smith to testify. The point of error is overruled.

Lafayette next contends that the trial court erred in allowing the State to introduce, at the punishment phase of the trial, evidence of five unadjudicated offenses.

Prior to a recent amendment to the Code of Criminal Procedure, neither unadjudicated bad acts nor the details of adjudicated offenses could be admitted at the punishment phase of a noncapital prosecution. *Murphy v. State*, 777 S.W.2d 44, 57 (Tex. Crim.App.1988). Since *Murphy* was decided, however, Article 37.07, § 3(a) has been amended. It reads as follows:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to *any matter the court deems relevant to sentencing, including* the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1992). The language added by the amendment is in italics. Acts 1989, 71st Leg., ch. 785, § 4.04, 3 Tex.Gen.Laws 3492, eff. Sept. 1, 1989.

In construing similar language in TEX.CODE CRIM.PROC.ANN. art. 37.071, § 2(a) (Vernon Supp.1992), which governs the punishment phase of capital cases, the Court of Criminal Appeals has held that evidence of unadjudicated, extraneous offenses should be admitted. *Gentry v. State*, 770 S.W.2d 780, 792–93 (Tex.Crim. App.1988), *cert. denied*, 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1013 (1989). In the *Gentry* case, the Court of Criminal Appeals cited as their authority for this holding, *Williams v. State*, 622 S.W.2d 116, 120 (Tex.Crim.App.1981), *cert. denied*, 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982). The Court of Criminal Appeals in the

1. "I am in receipt of the witness list, witness statements and police reports which you have provided to us and which we have filed with the District Clerk's office. Please review your file and let me know if that information has been updated, supplemented, or otherwise changed."

*Williams* case cites *Garcia v. State*, 581 S.W.2d 168 (Tex.Crim.App.1979), *vacated*, 453 U.S. 902, 101 S.Ct. 3133, 69 L.Ed.2d 988 (1981). The Court of Criminal Appeals in the *Garcia* case, rather than summarily overruling the point of error with a brief statement and citation, provides a thorough discussion of their holding. In the *Garcia* case, the Court did not approve the introduction of an indictment or information to show that a crime had been committed but allowed witnesses with first-hand knowledge to testify about the specific acts. This is very different from permitting an indictment which may constitute hearsay upon hearsay and which is no more than an accusation. To permit an indictment or information to be used to show guilt is repugnant to our system of justice in that it violates the presumption of innocence.

Amended Article 37.07 is different from the capital punishment Article 37.071 in that the capital punishment article does not contain the language requiring that a criminal record be a final conviction and the language "as permitted by the Rules of Evidence."

Most courts of appeals have concluded that evidence of extraneous bad acts is now admissible at the punishment phase of the trial under Article 37.07 for noncapital cases. Such evidence, however, has generally been limited to the testimony of witnesses with personal knowledge of extraneous bad acts committed by the defendant.[2] In the present case, by contrast, the evidence objected to consisted of the fact that one felony indictment and four misdemean-

or informations were pending against Lafayette.

■ In construing the amended Article 37.07, we must give harmonious effect to all the language. By enacting an amendment, the Legislature is presumed to have changed the law. *Ex parte Trahan*, 591 S.W.2d 837, 842 (Tex.Crim.App.1979). Prior to the amendment, the assessor of punishment could consider only the prior criminal record, reputation, and character of the defendant. By adding "any matter the court deems relevant to sentencing" to the factors that may be considered, the Legislature clearly intended to change the law to broaden the scope of permissible evidence.

■ The fact that an indictment and four informations were pending against Lafayette was a matter that the trial court deemed relevant to sentencing and therefore, argues the State, it was admissible under the statute. This argument overlooks the fact that the amended Article 37.07 retains the definition of "criminal record" as "a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged." In construing a statute, we must presume that all of the language employed by the Legislature has a meaning and purpose. *Polk v. State*, 676 S.W.2d 408, 410 (Tex.Crim.App.1984). If the Legislature had intended mere indictments and informations to be admitted at the punishment phase, it could have deleted the language that limits prior criminal records to records of final convictions. In fact, the

---

**2.** *Slott v. State*, 824 S.W.2d 225 (Tex.App.— Beaumont 1992, pet. filed) (Slott's husband testified about two other incidents of family violence); *Gallardo v. State*, 809 S.W.2d 540 (Tex. App.—San Antonio 1991, pet. granted) (three women testified that Gallardo attacked them using the same method he used in the offense for which he was convicted); *Hubbard v. State*, 809 S.W.2d 316 (Tex.App.—Fort Worth 1991, pet. granted) (witness testified that Hubbard shot at him and another individual a few months prior to the offense for which Hubbard was convicted); *Hunter v. State*, 805 S.W.2d 918, 920 (Tex.App.—Beaumont 1991, pet. granted) (police officer testified that on a previous occasion Hunter had, when approached, thrown away a cocaine-filled Tylenol bottle); *McMillian*

*v. State*, 799 S.W.2d 311 (Tex.App.—Houston [14th Dist.] 1990, pet. granted) (witness testified that on another occasion McMillian broke several windows, slashed four tires, and committed other acts of criminal mischief); *Huggins v. State*, 795 S.W.2d 909 (Tex.App.—Beaumont 1990, rev. ref'd) (witness testified that Huggins stole her car, and two other witnesses testified that Huggins had gone through the contents of purses. The Dallas and Waco courts have held that article 37.07, even as amended, does not authorize the introduction of extraneous, unadjudicated offenses. *Blackwell v. State*, 818 S.W.2d 134, 140 (Tex.App.—Waco 1991, pet. filed); *Grunsfeld v. State*, 813 S.W.2d 158 (Tex. App.—Dallas 1991, State's pet. granted, appellant's pet. ref'd).

amendment as originally proposed left out the definition of prior criminal records, but that definition was restored before the amendment was passed. *Grunsfeld v. State*, 813 S.W.2d 158, 167 (Tex.App.—Dallas 1991, State's pet. granted, appellant's pet. ref'd).

 We must give full effect to both the added language and the retained definition of "prior criminal record." Specific act evidence offered through live testimony is not part of a defendant's prior criminal record; therefore, the fact that the statute defines "prior criminal record" does not limit the introduction of such specific acts by witnesses with personal knowledge.

 Indictments and informations, by contrast, are not evidence of a specific act; they are evidence that a person has been accused of a specific criminal act. They are official accusations and are a part of the record of every criminal case. Indictments and informations that have not resulted in a final conviction do not meet the definition of "prior criminal record" in Article 37.07, and are thus inadmissible at the punishment phase of the trial.[3]

 We next address the State's contention that Lafayette did not preserve error or that any error was harmless. Lafayette objected on the specific ground that, while Article 37.07 allows the introduction of any matter the court deems relevant to sentencing, the evidence must still be admissible under the Texas Rules of Criminal Evidence, and the evidence was inadmissible under Rule 404.

Tex.R.Crim.Evid. 404(c) deals with the penalty phase of trials:

> In the penalty phase, evidence may be offered by an accused or by the prosecution as to the prior criminal record of the accused. Other evidence of his character may be offered by an accused or by the prosecution. Nothing herein shall limit provisions of Article 37.071, Code of Criminal Procedure.

Just as in Article 37.07, the phrase "prior criminal record" in Rule 404(c) means records of offenses which led to a final conviction. *Grunsfeld v. State*, 813 S.W.2d at 169; 33 S. GOODE, O. WELLBORN, & M. SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 404.7 (Texas Practice 1988). Thus, to be admissible under Rule 404(c), evidence of prior criminal proceedings must comport with the definition of "prior criminal record" in the statute. Lafayette's objection on the basis of Rule 404 was sufficient to preserve error.

 An error in admission of evidence is cured if the same evidence comes in elsewhere without objection; defense counsel must object every time allegedly inadmissible evidence is offered. *Butler v. State*, 769 S.W.2d 234, 241 (Tex.Crim.App. 1989). The State argues that any error in the admission of the informations was cured when Officer Curtis Cole testified without objection that there was an indictment and several misdemeanor informations pending against Lafayette. Additionally, the State later questioned Lafayette about the charges pending against him, again without objection.

The record reveals, however, that the State sought a ruling on the admissibility of all five unadjudicated offenses—the indictment as well as the informations—outside the presence of the jury. At that time, counsel for Lafayette objected to this evidence and stated the specific reasons for his objection. He was overruled.[4]

---

3. We are aware of the decision in *Holland v. State*, 820 S.W.2d 221 (Tex.App.—Fort Worth 1991, pet. filed), in which the State introduced a previous DWI information. The court held that the DWI information was admissible despite the fact that it had resulted in a conviction only for reckless driving. *Holland*, however, merely reiterates the rule that if a prosecution has resulted in a final conviction, the pleadings in that prosecution, i.e. the indictment, complaint, and information, are admissible. *Fairris v. State*, 515 S.W.2d 921, 923 (Tex.Crim.App.1974); *Knox v. State*, 487 S.W.2d 322, 326 (Tex.Crim.App.1972).

4. THE COURT: Just a moment. Let the record show that this is being held outside of the presence of the jury and before the presentation of any evidence or testimony at the punishment phase of the following, and Mr. Elliott makes the following statement.

MR. ELLIOTT: It is our intention, under the Texas Code of Criminal Procedure, Article 37.-07, Section 3A (sic), to introduce at the punish-

**136**

The Texas Rules of Appellate Procedure provide the defense counsel with another alternative when seeking to preserve error in the admission of evidence. TEX.R.APP.P. 52(b), formerly TEX.CODE CRIM.PROC.ANN. art. 40.09, § 6(d)(3), reads as follows:

> When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections.

Since this rule calls for the trial court to hear objections and rule on the evidence out of the presence of the jury, the evidence can come in before the jury without interruption, yet error in its admission is preserved. *Ethington v. State*, 819 S.W.2d 854 (Tex.Crim.App.1991). Thus, Lafayette's error was preserved.

We sustain Lafayette's second point of error, and we cannot find beyond a reasonable doubt that this error did not contribute to the punishment; therefore, we reverse the judgment and remand it for a new trial on punishment only pursuant to TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp. 1992).

ment portion of the trial as evidence *five unadjudicated offenses.* We do this pursuant to the holding of the courts in the case of Hunter Vs. State, 804 Southwest 2nd, 918, Texas Appeal Court, Beaumont, 1991. Also under the authority of Hubbard, Huggins and Zaya. It is the State's position that these cases allow the introduction of unadjudicated offenses at the punishment phase of the trial pursuant to [Article 37.07, § 3(a)].

MR. BURGESS: Defense would object to the introduction of the State's evidence on the basis of [Art. 37.07, § 3(a)], in that [§ 3(a)], while allowing the introduction of any matter the Court deems relevant to sentencing, still requires the State to abide by the Texas Rules of Criminal Evidence. Pursuant to Rules 404, 608 and 609 of the Rules of Criminal Evidence, the evidence offered by the State is inadmissible as evidence of specific incidences of conduct of the defendant.

THE COURT: All right, and that is overruled. Bring the jury back in.