IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-416-CR





EVA MAE EDWARDS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0912912, HONORABLE BOB JONES, JUDGE PRESIDING



 






 After finding appellant guilty of the offense of possessing with intent to deliver, a
controlled substance, cocaine, in an amount less than twenty-eight grams, Tex. Health & Safety
Code Ann. § 481.112 (West 1992), the jury assessed punishment, enhanced by a prior felony
conviction, at confinement for fifty-seven years. Appellant asserts three points of error,
contending that the trial court erred by: (1) overruling appellant's objection to the prosecutor's
argument during the penalty phase of the trial as to the average sentence for the offense; (2)
threatening to throw defense counsel in jail for responding to the prosecutor's argument about the
average sentence for the offense by stating that the prosecutor had offered five years; and (3)
sustaining the prosecutor's objection to defense counsel's argument about what her experience had
shown the average penalty in this county to be for this type of offense. (1) We will reverse the trial
court's judgment and remand for a new hearing on punishment.

 In her first point of error, appellant urges that by overruling her objection to the
prosecutor's argument about the average sentence for the offense, the court permitted unsworn
testimony to be injected into the trial. During the prosecutor's argument at the punishment phase
of the trial, the following occurred:



Ms. Shipway [prosecutor]: I submit to you on a line from 15 to life the average
case of possession with intent to deliver cocaine where there's been a previous --


Ms. Anderson [defense counsel]: I'm going to object to any other cases and what
the average sentence might be in these cases. I don't think there's any evidence
of that, and I'll object on that basis.


The Court: The objection will be overruled.


Ms. Shipway [prosecutor]: A regular old case with the punishment range, prior
conviction, somewhere in the middle. Around 50 years.



The prosecutor's argument was clearly improper since it injected evidence outside the record. See
Cannon v. State, 668 S.W.2d 401, 404 (Tex. Crim. App. 1984). In a similar case, the prosecutor
argued that the average punishment for a first offense DWI was one thousand dollars and one
year. Holland v. State, 820 S.W.2d 221 (Tex. App.--Ft. Worth 1991), rev'd on other grounds,
845 S.W.2d 914 (Tex. Crim. App. 1993). The court found that the State's argument was clearly
improper since it constituted evidence outside the record. Id. at 225. Unlike the instant cause,
the trial court sustained defense counsel's objection and instructed the jury to disregard the
prosecutor's comment. The Holland court held that the State's argument was not so prejudicial
that the court's instruction to the jury to disregard the comment could not overcome the potential
harm suffered by the defendant. Id.

 The test to determine whether error is so harmful as to constitute reversible error
is whether there is a reasonable possibility that the argument might have contributed to the
conviction or the punishment assessed. Mader v. State, 807 S.W.2d 439, 442 (Tex.
App.--Houston [14th Dist.] 1991, pet. ref'd). In determining whether an argument is so prejudicial
as to require reversal, we look to the evidence adduced at both the guilt-innocence and punishment
stages of the trial. See Garrett v. State, 632 S.W.2d 350, 354 (Tex. Crim. App. 1982). The State
directs our attention to the testimony of the arresting officers at the guilt-innocence phase that
appellant was in possession of fifty-seven "dime bags" of cocaine when she was arrested. The
State further notes that the records of appellant's 1990 conviction for an offense identical to the
offense charged in the instant cause was introduced at the punishment stage.

 Appellant urges, and we agree, that points of error two and three are interrelated
to her first point of error and are relevant to a determination of whether the prosecutor's improper
argument contributed to the punishment assessed. (2) When defense counsel attempted to reply to
the prosecutor's comment by arguing what the "average punishment" was in a "case like this"
(the subject of point of error two and three), the trial court sustained the prosecutor's objections. 
The invited argument rule permits response to opposing counsel's argument, outside the record,
so long as the response does not exceed the scope of the invitation. Mowbray v. State, 788
S.W.2d 658, 664 (Tex. App.--Corpus Christi 1990, pet. ref'd), cert. denied, 498 U.S. 1101
(1991).

 The chances for prejudice are greater when the prosecutor, a public official, is
allowed to state what he or she personally believes about a case. See United States v. Morris, 568
F.2d 396, 402 (5th Cir. 1978). "Should he [the prosecutor] be allowed to 'testify' in closing
argument, jurors hear the 'expert testimony' of a trusted officer on, perhaps, a crucial issue." Id.
at 402. The trial court's actions in overruling appellant's objection to the prosecutor's argument
and disallowing appellant the opportunity to respond in kind, placed the "stamp of judicial
approval" on the prosecutor's argument, "thus magnifying the possibility for harm." See Good
v. State, 723 S.W.2d 734, 738 (Tex. Crim. App. 1986).

 We must reverse the trial court's judgment unless we determine beyond a
reasonable doubt that the prosecutor's improper argument made no contribution to punishment. 
See Tex. R. App. P. 81(b) (2). Given the fact that the jury assessed appellant's punishment at 
fifty-seven years, we are unable to conclude beyond a reasonable doubt that the prosecutor's
argument made no contribution to punishment. 

 We reverse the judgment and remand the cause for further proceedings pursuant
to Texas Code of Criminal Procedure Ann. art. 44.29(b) (West Supp. 1994).



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices B. A. Smith and Davis

Reversed and Remanded

Filed: January 26, 1994

Do Not Publish














* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   The prosecutor's objection cut short defense counsel's argument and prevented her
from stating the amount of time that constituted an average sentence.
2.   Although the jury was seated in the jury box, the record reflects that the court's threat
to throw defense counsel in jail for attempting to inject the prosecutor's plea bargain offer
of five years was made at a conference at the bench and out of the hearing of the jury.