# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00038-CR

**Sterling Shepard, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT NO. 9034124, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Sterling Shepard appeals from his conviction for possession of a controlled substance (cocaine) in an amount of four grams or more but less than two hundred grams. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2003). The indictment contained two enhancement paragraphs that alleged sequential prior felony convictions. A jury found appellant guilty, found the enhancement allegations true, and assessed punishment at forty-eight years' confinement in the Texas Department of Criminal Justice-Correctional Institutions Division.[1] We affirm the trial court's judgment.

---

[1] This division was formerly known as the Institutional Division.

## Background

In March 2003, Austin Police Department Officers Alejandro Torres and Jason Acevedo stopped appellant's vehicle to execute an arrest warrant for an offense unrelated to the current offense. Appellant had been under surveillance by another officer, who transmitted the necessary information concerning appellant's car to Torres and Acevedo, who were traveling in Torres's unmarked vehicle. After an unspecified but apparently fairly short amount of time of following appellant with lights on but no siren, appellant pulled over into a parking lot. Torres arrested appellant, performed a frisk for weapons, placed appellant in the front seat of the unmarked vehicle, and fastened appellant's seat belt.[2] During the arrest and frisk, appellant asked Torres to retrieve his wallet from his back pocket because his identification was in it. Torres did so. Torres drove the police car to an Austin Police Department substation while Acevedo drove appellant's vehicle to that substation.

On the drive to the substation, appellant turned in the front seat so that his torso faced Torres. Appellant, who was described as "a fairly large individual," blocked Torres's view of anything behind appellant's back or in his hands. Appellant said his handcuffs were too tight and began to move away from Torres. Torres told appellant to sit with his back against the seat and told appellant that he did not think the handcuffs could be too tight because of the way he had locked the handcuffs with space enough for Torres's finger to go inside the cuff. Appellant continued wiggling; Torres again asked appellant to sit with his back against the seat. Appellant finally complied.

---

[2] This unmarked vehicle did not have any divider between the front and back seats.

Upon arriving at the substation, Torres removed appellant from the car, locked the car, and took appellant into the substation. Acevedo, who was maintaining control over appellant's vehicle in the parking lot, needed to retrieve his cell phone from the police vehicle so Torres went to unlock the vehicle. Torres, accompanied by Officer Miestes, opened the passenger side door of the vehicle. Torres observed a large sandwich bag containing several smaller bags with white rock-like substances inside. The bag was located at the rear of the front passenger seat, against the side of the rear portion of the seat, not on the floorboard of the rear seat. Torres had checked the vehicle before service that day and there was no such bag in the vehicle. Torres retrieved the contraband, placed it into an evidence bag, sealed it, and turned the evidence over for weighing and testing.

Acevedo stayed with appellant's car and waited until he received the information that appellant had consented to a search of the vehicle. A canine officer alerted on the vehicle. Acevedo's search found several empty small baggies that were loose in the trunk. He placed them into an evidence bag and turned them over to the detective on the case.

Austin Police Department forensic chemist Mary Villarreal weighed and tested the white rock-like substances. She testified that the contraband seized from the police car contained a total of fifty rocks of cocaine base, commonly known on the street as crack, in the amount of 21.91 grams aggregate weight, including any adulterants or dilutants.

Torres testified that, based on his training and experience, it was common for male suspects to hide drugs underneath their penis near their scrotum and for all suspects to hide narcotics close to the rectum or in between their buttocks. He testified that street-level dealers understand that officers will not check certain areas. He also said that after a weapons frisk, it is not practical to ask

3

a subject to drop his pants out on the street to check for drugs between the buttocks. He stated that there is no need to do a full search at the scene of an arrest because police can conduct a full search back at the police station.

Torres testified that his weapons pat-down had been cursory.[3] Torres testified that although appellant was handcuffed, he had enough freedom of movement that he would have been able to remove something from inside his pants or pockets, although Torres did not think appellant would have been able to retrieve drugs as far forward as near his penis. However, Torres thought appellant would have been able to retrieve drugs from the rear of his underwear or from between his buttocks without Torres detecting the drugs and push something off the edge of the passenger seat.

## Discussion

In his first issue, appellant contends that the evidence was legally insufficient to support his conviction. In his second issue, he contends that the evidence was factually insufficient to support his conviction. We will discuss both issues together.

### Standard of Review

When deciding the legal sufficiency of the evidence to support a conviction, a reviewing court must assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable

---

[3] Appellant tried to establish that the Austin Police Department's standard procedure called for a more thorough search than Torres described; Torres responded that there was considerable discretion in how thorough to be, depending on the circumstances.

4

doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The trier of fact is entitled to resolve any conflicts in the evidence, to evaluate the credibility of the witnesses, and to determine the weight to be given any particular evidence. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

In a factual-sufficiency review, the reviewing court "views all the evidence without the prism of 'in the light most favorable to the prosecution,'" and sets aside the verdict only if it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Johnson v. State*, 23 S.W.3d at 7; *see Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). In such a review, the court asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is too weak or that the contrary evidence is too strong to rationally support a finding of guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).

To convict a defendant of drug possession, the State must prove that the defendant exercised care, custody, control, or management over the drugs, and that he knew he possessed a controlled substance. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Martinets v. State*, 884 S.W.2d 185, 187 (Tex. App.—Austin 1994, no pet.). When the defendant is not in exclusive possession or control of the place where the drugs are found, the State must affirmatively link the defendant with the drugs. *Brown*, 911 S.W.2d at 747-48; *Martinets*, 884 S.W.2d at 187. Whether this evidence is direct or circumstantial, "it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." *Brown*, 911 S.W.2d at 747. Circumstantial evidence often has equal or even greater probative value than direct

5

evidence. *Goodman v. State*, 66 S.W.3d 283, 296 (Tex. Crim. App. 2001) (citing *Brown v. State*, 911 S.W.2d 744, 745-46 (Tex. Crim. App. 1995)). The affirmative links need not be so strong as to exclude every other reasonable alternative hypothesis except the defendant's guilt. *Brown*, 911 S.W.2d at 748. Some possible affirmative links are whether: the drugs were in plain view; the defendant owned or had a right to possess the place where the drugs were found; the drugs were easily accessible to the defendant; other drugs or drug paraphernalia were found; or the defendant made furtive gestures or incriminating statements. *See Bryant v. State*, 982 S.W.2d 46, 49 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). The number of affirmative links is not as important as the logical force they have in establishing the offense. *See Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Thus, there is no set formula of facts necessary to support an inference of knowing possession. *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

*Analysis*

Appellant was removed from the car he was driving immediately after being stopped, arrested, handcuffed, frisked for weapons, placed into the front seat of Torres's car, and seatbelted in. Although appellant's jeans were not extremely baggy, they were not tight.[4] Appellant moved in the car's front seat in such a way as to block Torres's view of his hands. Appellant complained that his handcuffs were too tight; the officer told appellant that he had locked the handcuffs in such a way

---

[4] Torres testified that appellant was wearing jeans. Appellant's counsel asked if appellant could have been wearing blue jean shorts; Torres said he was not completely sure which one appellant was wearing.

6

that they could not tighten up, and that there had been a finger's width of room between the cuff and appellant's wrists.

Upon reaching the station and removing appellant from the car, the officer locked the car. On returning to the car to retrieve a cell phone, Torres noticed the drugs in the car, toward the rear of the side of the front passenger seat. Torres testified that he had thoroughly checked out the car before going into service that day, and there had been no drugs in the car. Torres further testified to a common practice of hiding drugs between the buttocks, close to the rectum, or underneath the penis close to the scrotum. He testified that he did not think appellant could have reached as far forward as his scrotum, but had enough freedom of movement to remove something from the rear of his underwear or from in between his buttocks.

Torres testified that he had been asked, before going into service, to assist with appellant's arrest, which occurred at about 9:00 a.m. The fact finder could have drawn a reasonable inference that appellant was Torres' first arrest of the day, and no one else had the opportunity to drop drugs in the location in which the drugs were found. Torres's testimony provided an explanation for how it would have been possible for appellant to conceal the drugs, using common practices of drug dealers. The drugs were found in the car in a location consistent with Torres's description of appellant's movements during the drive. The trier of fact is entitled to resolve any conflicts in the evidence, to evaluate the credibility of the witnesses, and to determine the weight to be given any particular evidence. *See Jones*, 944 S.W.2d at 647. The trier of fact could have believed Torres's explanation of the contraband's presence and concluded that appellant's connection with the drugs was more than just fortuitous. *See Brown*, 911 S.W.2d at 747.

7

Appellant also contends that the evidence that he knew the substance was cocaine was insufficient. In a sufficiency review, the jury's inference of intent is afforded more deference than the evidence supporting proof of conduct. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Circumstantial evidence of a defendant's guilty knowledge does not have to meet the same rigorous criteria for sufficiency as circumstantial proof of other offensive elements. *Id.*; *see Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). Appellant deliberately changed his position while in the police car and refused for quite some time to put his back against the car seat as instructed by the officer. His explanation for the movement was contested by the officer. The small plastic baggies the cocaine was divided into appeared to match the small plastic baggies found in the car that appellant was driving.[5] The jury could have rationally concluded that appellant's behavior indicated guilty knowledge.

We conclude that the evidence was legally sufficient to support a rational trier of fact in finding beyond a reasonable doubt that appellant exercised care, custody, control, or management over the drugs and knew that he possessed a controlled substance. *See Jackson*, 443 U.S. at 318-19; *Johnson*, 23 S.W.3d at 7. We overrule the first issue.

In his second issue, appellant contends that the evidence was factually insufficient to support his conviction. Appellant focuses on the possibility that someone else was in the vehicle before appellant's arrest and that he could not have removed any objects from his pants without

---

[5] The baggies were introduced in evidence. The State argued that they were the same and invited the jury to look at them and compare them.

Torres seeing him do so. Appellant offered no contrary evidence as such; rather, appellant offers competing inferences from the evidence. As explained above, Torres's testimony created an inference that appellant was the first arrest of the day. Appellant's movements in the car were explained in great detail. The drugs were found in a location consistent with Torres's description of appellant's movements. The proof of guilt is not too weak nor the contrary evidence too strong to fail to support a finding of guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). We overrule the second issue.

### Admission of expert testimony

In his third issue, appellant contends that the trial court abused its discretion by permitting the testimony of Austin Police Department chemist Mary Villarreal. The trial court granted appellant's motion that expert witnesses be designated by the State. *See* Tex. Code Crim. Proc. Ann. art. 39.14(b) (West Supp. 2005). Appellant contends that Villarreal should not have been allowed to testify because she was not properly designated. Villarreal was listed in the State's list of witnesses as an Austin Police Department witness, but not designated as an expert. However, the police report made available to appellant indicated that she was the chemist who performed the tests and analyses of cocaine in the case. Thus, although the State did not produce a piece of paper with appellant's name followed by "expert," neither was her identity and function concealed.

The trial court's decision to allow a witness to testify is reviewed for an abuse of discretion. *Hardin v. State*, 20 S.W.3d 84, 88 (Tex. App.—Texarkana 2000, pet. ref'd) (citing *Martinez v. State*, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993)) (expert witness testimony); *Lafayette*

9

*v. State*, 835 S.W.2d 131, 132-33 (Tex. App.—Texarkana 1992, no pet.). The abuse of discretion standard applies to a trial court's decision to allow an unlisted witness to testify over objection. Appellate review encompasses two factors: whether the State's actions constituted bad faith, and whether the defendant could reasonably have anticipated that the witness would testify. *Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994); *Hardin*, 20 S.W.3d at 88; *Lafayette*, 835 S.W.2d at 132-33. Unless the defendant makes the necessary showing, the trial court's decision to allow the testimony will not be disturbed on appeal. *Castaneda v. State*, 28 S.W.3d 216, 223 (Tex. App.—El Paso 2000, pet. ref'd).

The extreme sanction of exclusion should not be imposed absent wilfulness on the part of the prosecution. *Osbourn v. State*, 59 S.W.3d 809, 816 (Tex. App.—Austin 2001), *aff'd on other grounds*, 59 S.W.3d 531 (Tex. Crim. App. 2002); *State v. Wright*, 830 S.W.2d 309, 313 (Tex. App.—Tyler 1992, no pet.). Any error in allowing the witness to testify over a claim of surprise is made harmless by the defendant's failure to move for a continuance. *Barnes*, 876 S.W.2d at 328 (objection and request for mistrial, in absence of request for continuance, inadequate to preserve error); *Hardin*, 20 S.W.3d at 88.

Appellant argues that a different standard of review should apply to designations of experts. *See* Tex. Code Crim. Proc. art. 39.14(b). However, appellant in essence does not propose or articulate a different standard of appellate review; he proposes a trial-court sanction of mandatory exclusion. Under the facts of this case, however, he has not explained why the analysis generally

10

applied to the trial court's decision to allow or exclude witnesses' testimony should not be applied to this particular expert witness.[6]

Appellant's main complaint seems to be that he was not given an advance opportunity to investigate Villareal's credentials, a complaint that a continuance could have remedied by allowing additional time to review Villareal's qualifications. (The trial court noted that appellant's defense was not that the matter found in the baggie was not cocaine, but that he did not possess the substance, no matter what it was.) No evidence was produced that the State acted wilfully or in bad faith. *See Barnes*, 876 S.W.2d at 328 (showing of bad faith factor is showing abuse of discretion). Appellant should have reasonably anticipated that the State would be compelled to call an expert to identify the controlled substance. If appellant were surprised, or otherwise put at a disadvantage, he should have requested a continuance. *See id.*; *Osbourn*, 59 S.W.3d at 816.

We hold that the trial court did not abuse its discretion in admitting Villarreal's testimony. Appellant was unable to establish bad faith or show that he could not have anticipated Villarreal's testimony, the abuse of discretion factors discussed in *Barnes*. Neither did he request a continuance to remedy the situation. *See Ramirez v. State*, 815 S.W.2d 636, 649 (Tex. Crim. App. 1991) (State failed to produce evidence in response to discovery order but appellant did not show surprise and did not move for continuance); *Depena v. State*, 148 S.W.3d 461, 467-68 (Tex.

---

[6] We do not say that there are no circumstances in which a witness's status as an expert might be a consideration. *See Hernandez v. State*, No. 03-04-356-CR, 2006 Tex. App. LEXIS 722 (mem. op.) (not designated for publication) (challenge to qualifications of expert; court did not find waiver based on unobjected to admission of same evidence from other sources; applied *E.I. du Pont de Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 553 (Tex. 1995) to conclude expert testimony may have been viewed by jury as inherently more credible).

App.—Corpus Christi 2004, no pet.) (although appellate court held State acted in bad faith in failing to disclose identity of expert, nevertheless held trial court did not abuse its discretion in allowing expert testimony because defendant should have anticipated testimony and failed to ask for continuance).  *Osbourn*, 59 S.W.3d at 816 (no evidence that State acted in bad faith in failing to disclose evidence or willfully failed to respond to trial court's order; Osbourn could have anticipated evidence, and failed to request a recess, postponement, or continuance).  We overrule the third issue.

### *Admission by party-opponent*

In his fourth issue, appellant contends that the trial court erred in denying the admission into evidence of an admission of a party-opponent.  *See* Tex. R. Evid. 801(e)(2).  At trial, appellant called Torres to testify as a defense witness.  Appellant asked Torres about the discovery of the cocaine when he and Miestes returned to the car.  Torres testified that he believed he had previously testified that he and Miestes saw the cocaine as they were looking for Acevedo's phone.  When asked who saw the cocaine first, Torres said that he believed it was almost simultaneously, but he did not really recall.  On direct examination by the State during the State's case in chief, Torres had testified that when he and Miestes opened the car door, "that's when I observed a large bag with several off-white rock-like substances inside of that bag."

Appellant then questioned the witness based on a police report, asking:  "Are you aware that Officer Miestes said that he first saw the drugs and pointed them out to you?"  The State objected on the basis of hearsay; appellant contended that the statement was an admission by a party-opponent.  The court sustained the State's hearsay objection.  Although appellant gave the witness

12

something to read (apparently the report), he asked no further questions, did not call Miestes to testify, and did not offer the report itself or Miestes's supplement into evidence.

The admissibility of evidence is within the trial court's discretion and will be reversed only on a showing of an abuse of discretion. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); *Green v. State*, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). A reviewing court should not reverse the trial court's ruling if it falls within the "zone of reasonable disagreement." *Powell*, 63 S.W.3d at 438; *Green*, 934 S.W.2d at 102. The erroneous admission or exclusion of evidence does not result in reversible error unless it affects a substantial right of the defendant. *See* Tex. R. App. P. 44.2(b); *see Prible v. State*, 175 S.W.3d 724, 737 (Tex. Crim. App. 2005). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. U.S.*, 328 U.S. 750 (1946)).

The parties disagree over the applicable harm analysis. Appellant urges that harm should be evaluated under the standard for constitutional error. *See* Tex. R. App. P. 44.2(a). Constitutional error is an error that directly offends the United States Constitution or the Texas Constitution, without regard to any statute or rule that might apply. *See Tate v. State*, 988 S.W.2d 887, 890 (Tex. App.—Austin 1999, pet. ref'd). Appellant argues that he was deprived of his right to cross-examine a State's witness regarding any matter reflecting on the witness's credibility, as guaranteed by the Sixth Amendment. *See Virts v. State*, 739 S.W.2d 25, 28-29 (Tex. Crim. App. 1987); *LaHood v. State*, 171 S.W.3d 613, 622 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The State contends that the error should be evaluated under Rule 44.2(b): "any other error, defect,

13

irregularity, or variance that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b); *see Sells v. State*, 121 S.W.3d 748, 764 (Tex. Crim. App. 2003) (because violation of Texas Code of Criminal Procedure art. 38.22 § 3(a)(5) is statutory, appropriate harm analysis is 44.2(b)); *Potier v. State*, 68 S.W.3d 657, 662-63 (Tex. Crim. App. 2002) (erroneous evidentiary rulings rarely rise to level of denying fundamental constitutional rights to present meaningful defense).

Appellant contends he was harmed because he was not allowed to dispute Torres's testimony as to which officer saw the cocaine first, a matter of Torres's credibility. However, appellant did not attempt to call Miestes as a witness to dispute Torres's testimony, nor did he attempt to offer into evidence the original police report or Miestes's supplement with the varying statement. In any event, the information that appellant wanted the jury to hear about a possible discrepancy in who first saw the cocaine was in front of the jury through appellant's statement about Miestes's report in his question to appellant. Officer Torres had just testified that he was not sure who saw the contraband first. The dispute is not over the location of the drugs, which would have been very significant given the manner by which appellant was said to have been able to hide and remove the drugs.[7] Accordingly, even if the court erred in denying admission, we hold that the requested ruling was not constitutionally mandated nor did it affect a substantial right of the accused. We overrule the fourth issue.

---

[7] Appellant was again suggesting that Torres did not follow proper procedures, did not search the car earlier, and would not have "discovered" the drugs on his own.

**Conclusion**

We have overruled appellant's four issues.  We affirm the trial court's judgment.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   April 6, 2006

Do Not Publish