# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00266-CR

**Vicki Osbourn, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
### NO. 563-762, HONORABLE JAN BRELAND, JUDGE PRESIDING

Appellant appeals her conviction for possession of marihuana, a usable amount of less than two ounces. Tex. Health & Safety Code Ann. § 481.121(a)(b)(1) (West Supp. 2001). Appellant entered a plea of "not guilty." In a bench trial, the trial court found her guilty and assessed her punishment at twenty days' confinement in the county jail.

### Points of Error

Appellant advances two points of error. First, appellant contends that the trial court erred in admitting into evidence the testimony of the State's expert witness—the arresting police officer—concerning the nature of the substance. Appellant contends that she had obtained a pretrial discovery order under article 39.14(b) of the Texas Code of Criminal Procedure[1] requiring the State to name its expert witnesses; that the State failed to respond; and that, despite timely objection, the

---

[1] Tex. Code Crim. Proc. Ann. art. 39.14(b) (West Supp. 2001).

trial court erred in permitting Officer Nicole Saval, an expert witness, to testify. Appellant urges that this is a case of first impression under article 39.14(b). Second, appellant claims that without the expert testimony the evidence is legally insufficient to support the conviction.

**Background**

Austin Police Officers Christopher Gray and Nicole Saval were the State's only witnesses. Appellant offered no evidence.[2] Officer Gray testified that on the evening of December 23, 1999, he arrived on the scene of a traffic stop in the 8600 block of Burnet Road to act as a backup for Officer Saval. Saval told Gray that she suspected the driver of the stopped vehicle was "DWI." Officer Gray identified appellant as the only passenger in the vehicle. He, however, focused on the driver, and after field sobriety tests, arrested the driver for driving while intoxicated and possession of marihuana.

On direct examination, Officer Saval was immediately asked about her three years with the Austin Police Department and her training at the police academy. Saval related that at the academy "they" were shown what each drug looked like, and were allowed to smell marihuana before and after it was burnt. She could not recall the length of any class on drug recognition. When she was asked if she was a drug recognition expert, there were several general objections and inquiries as to whether the State was attempting to qualify her as an "expert." The trial court permitted the interrogation to continue, but the specific question was not re-asked. Saval testified that she was not certified as a drug recognition expert, but was familiar with what marihuana looked like. At this

_____

[2] The appellate record contains no punishment phase of the trial.

point, appellant interposed her objection that Saval could not testify as an expert under Rule 702 of the Texas Rules of Evidence because of the trial court's discovery order requiring the State to name its expert witnesses twenty days prior to trial which it had not done. The State responded that it was not offering Saval as an expert witness under Rule 702. It pointed out that the offense report had been given to appellant early on and that the report revealed what the officer had observed and smelled on the night in question.

After a lengthy colloquy, the trial court withheld its ruling until Saval had fully testified. Saval repeated her earlier testimony and added that she "had come across it [marihuana]" and made marihuana arrests during her three years as a peace officer. She was familiar with the appearance and smell of marihuana.

Officer Saval then testified that about 10:50 p.m. on December 23, 1999, she stopped a silver Buick Skylark automobile for high light beams while traveling towards oncoming traffic. Scott Conyers, the driver, exited the automobile. As Saval had Conyers get back into the vehicle, she smelled alcohol on his breath and the odor of burnt marihuana emanating from the vehicle.

After Officer Gray arrived on the scene, Saval approached the passenger whom she identified as appellant. When asked if she and Conyers had been smoking marihuana, appellant denied the same. In response to Officer Saval's remark that she smelled the odor of marihuana, appellant suggested "cigarettes." When told that cigarettes do not smell like marihuana, appellant admitted that "they" had been smoking marihuana. When asked if there was any marihuana in the vehicle, appellant stated that there was, and pointed to a place between the two front seats. Appellant claimed that the marihuana was hers. Officer Saval confiscated the substance which was in a see-through baggy.

3

Based on her experience and training, Saval stated the substance was marihuana, a usable amount of less than two ounces.

At the conclusion of the testimony, the trial court stated:

> I think it is expert testimony because it requires a specialized knowledge. Although, I don't know. If the Courts were called to decide on that today, they may say that a lay person can determine if something is marihuana or not.

This was followed by more argument and colloquy. The State pointed out that the offense report had been in appellant's hands before the notice request; that the report noted that Saval smelled and observed marihuana; that the report noted a named lab technician who had tested the substance and found it to be marihuana; and that appellant knew what Saval's testimony would be. Appellant argues, in effect, that it was the State's burden to comply with the notice requirement under article 39.14(b) and that an offense report did not meet that burden. The trial court overruled appellant's objection.

**The Law Prior to Article 39.14(b)**

Article 39.14(a) , our earliest discovery statute in criminal cases, does not specially provide for the disclosure of the State's witnesses to the defense. Tex. Code Crim. Proc. Ann. art. 39.14(a) (West Supp. 2001)[3]; *Thorton v. State*, 37 S.W.3d 490, 492 (Tex. App.—Texarkana 2000, pet. ref'd); 42 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 22.161 at 96 (2001) (hereinafter Dix). Nevertheless, it has been repeatedly held that

---

[3] *Cf.* Tex. Code Crim. Proc. Ann. art. 20.20 (West 1977) (relating to the endorsement on the indictment of the names of witnesses upon whose testimony the indictment was found).

upon a request by a defendant, the State must, in accordance with the trial court's discovery order, give notice of whom it intends to call as witnesses. *See Stoker v. State*, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989); *Hightower v. State*, 629 S.W.2d 920, 925 (Tex. Crim. App. 1981); *Young v. State*, 547 S.W.2d 23, 27 (Tex. Crim. App. 1977); *Castaneda v. State*, 28 S.W.3d 216, 223 (Tex. App.—El Paso 2000, pet. ref'd); *Marx v. State*, 953 S.W.2d 321, 338 (Tex. App.—Austin 1997), *aff'd on other grounds*, 978 S.W.2d 577 (Tex. Crim. App. 1999); Dix, § 22.171 at 99. Until recently, no explicit authority existed authorizing a trial court to order discovery of a defendant's witnesses. *See Thorton*, 37 S.W.3d at 493. Thus, only the State was required to disclose witnesses upon request.

### Article 39.14(b)

Appellant did not seek to rely on the case law discussed above, but sought to utilize a new discovery provision added to article 39.14. Article 39.14(b) (Discovery) provides:

> (b) On motion of a party and on notice to the other parties, the court in which an action is pending may order one or more of the other parties to disclose to the party making the motion the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence. The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party, but in specifying hte time in which the other party shall make disclosure the court shall require the other party to make the disclosure not later than the 20th day before the date the trial begins.

Tex. Code Crim. Proc. Ann. art. 39.14(b) (West Supp. 2001).

The statute expressly authorizes the trial court to order *any* party to disclose the names of its *expert* witnesses to the other party upon motion or request, not just the State. "Apparently no showing of good cause is required, and thus whether to issue an order is discretionary

with the court." Dix, § 22.163 at 98.  The manner of disclosure is left to the trial court so long as the disclosure is not later than twenty days before the trial begins.  The matter of sanctions is not mentioned, including that of exclusion of the witness's testimony.  The statute is limited and applies only to evidence under Rules 702, 703, and 705 of the Rules of Evidence.[4]

In *Thorton v. State*, 37 S.W.3d 490 (Tex. App.—Texarkana 2000, pet. ref'd), the court, noting the nagging question of a trial court's authority to order a criminal defendant to disclose its list of witnesses, discussed article 39.14(b).  The court stated:

> Nevertheless, the Legislature has acted recently with respect to the trial court's authority to order discovery of the defendant's witnesses.  In 1999, the Legislature amended Article 39.14 to allow the trial court to grant either party discovery of the other party's expert witnesses. *See* Tex. Code Crim. Proc. Ann. art. 39.14(b) (Vernon Supp. 2000).  The bill analysis to Senate Bill 577 reveals that it was intended to establish a limited exception to the general rule that the State cannot obtain discovery of the witnesses the defendant intends to call at trial.  Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 557, 76th Leg., R.S. (1999).  Thus, the 1999 amendment to Article 39.14 reflects the Legislature's understanding that the trial court generally cannot order discovery of the defendant's witnesses and its intent to provide the State with discovery in certain situations.

*Id.* at 493.[5]  (footnote omitted).  With this background, we return to the issue at hand.

---

[4] It is noted here for our purposes that the statute does not by its express terms apply to Rule 701 of the Rules of Evidence (opinion testimony by lay witnesses).

[5] Article 39.14(b) was not in effect at the time of the trial in *Thorton*.  The Texarkana Court held that the trial court had no explicit authority to order the defendant to furnish a list of his witnesses, but that the nonconstitutional error was harmless under Rule 44.2(b) of the Texas Rules of Appellate Procedure. *Thorton*, 37 S.W.2d at 493-94.  The court was carful to note that the constitutional issues raised were not reached because of defective briefing. *Id.* at 491.

## Discussion

The admissibility of evidence generally, and the qualifications of a witness to testify as an expert or as a lay witness, are within the discretion of the trial court. *See* Tex. R. Evid. 104(a); *Harnett v. State*, 38 S.W.3d 650, 657 (Tex. App.—Austin 2000, no pet.). Absent a showing of an abuse of discretion, such decision will not be disturbed on appeal. *Ventroy v. State*, 917 S.W.2d 419, 422 (Tex. App.—San Antonio 1996, pet. ref'd).

As is evident from the record, Officer Saval's testimony was not of a scientific or technical nature; rather she based her opinions or inferences on impressions and conclusions derived from perceptions of what she saw, heard and observed at the scene based on her experience and training. The State did not lay a proper predicate or seek to establish Saval's qualifications as an expert witness. In fact, the State claimed that Rule 701 of the Texas Rules of Evidence (opinion testimony by lay witnesses) applied. Rule 701 provides:

> If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.

Tex. R. Evid. 701.

In *Harnett v. State*, 38 S.W.2d 650 (Tex. App.—Austin 2000, pet. ref'd), this Court in discussing Rule 701 stated:

> The rule's requirement that the opinion or inference of a lay witness be "rationally based on the perception of the witness" can be said to have two elements. *See* 2A Steven Goode, Olin Guy Wellborn, III & M. Michael Sharlot, *Courtroom Handbook on Texas Evidence*, ch. 5, art. VII, at 413 (Texas Practice 2000). The first

7

element involves the personal knowledge of the witness as required by Rule 602. Tex. R. Evid. 602; *Bigby v. State*, 892 S.W.2d 864, 889 (Tex.Crim.App. 1994). The necessary personal knowledge may be gained by the perception of fact by the senses of the witness. *State v. Brainard*, 968 S.W.2d 403, 412 (Tex.App.—Amarillo 1998), *aff'd in part, rev'd in part on other grounds*, 12 S.W.3d 6 (Tex 1999). Thus, the perception underlying a lay witness's testimony may be what was seen, heard smelled, tasted, touched, or felt. *Id.* The second element mandates that the opinion must be one that a reasonable person could draw from the underlying facts. *Fairow v. State*, 943 S.W.2d 895, 900 (Tex.Crim.App. 1997). Under Rule 701, much must be left to the discretion of the trial court. *Austin v. State*, 794 S.W.2d 408, 410 (Tex.App.—Austin 1990, pet. ref'd).

*Id.* at 657-58.

Rule 702 of the Texas Rules of Evidence (testimony by experts) provides:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

Tex. R. Evid. 702.

Rule 702 requires that two initial hurdles must be overcome before expert testimony will be admissible. As the rule itself requires, the proponent of the testimony must establish (1) that the scientific, technical, or other specialized knowledge will aid the trier of fact, and (2) that the expert is qualified to testify on the subject. *Penry v. State*, 903 S.W.2d 715, 762 (Tex. Crim. App. 1995); *Roise v. State*, 7 S.W.3d 225, 234 (Tex. App.—Austin 1999, pet. ref'd).

In *Harnett*, 38 S.W.3d at 658, this Court, discussing Rule 702, stated:

The expertise must be measured against the particular opinion the expert is offering. *Roise*, 7 S.W.3d at 234. While the proponent of the testimony has the burden of establishing the expert's qualifications, the trial court has the responsibility to ensure

8

that "those who purport to be experts truly have expertise concerning the actual subject about which they are offering an opinion." *Broders v. Heise*, 924 S.W.2d 148, 152 (Tex.1996). And more recently, it has been made clear that a trial court's gate keeping obligation under Rule 702—to insure that the expert witness's testimony rests upon a reliable foundation and is relevant to the task at hand applies to all expert testimony not just scientific expert testimony. *Rosie*, 7 S.W.3d at 235-36 (citing *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); *see also Jackson v. State*, 17 S.W.3d 664, 670 (Tex.Crim.App. 2000).

The trial court tentatively found Saval an expert witness with specialized knowledge under Rule 702. A witness, however, may qualify to give testimony under *both* Rules 702 and 701. *Harnett*, 38 S.W.2d at 659; *Ventroy*, 917 S.W.2d at 422; *McCray v. State*, 873 S.W.2d 126, 128 (Tex. App.—Beaumont, no pet.); *Yohey v. State*, 801 S.W.2d 232, 243 (Tex. App.—San Antonio 1990, pet. ref'd); *Austin v. State*, 794 S.W.2d 408, 409-10 (Tex. App.—Austin 1990, pet. ref'd). Under pre-rules cases, courts tended to accord some weight to identifications of marihuana by non-chemists. *Roberts v. State*, 9 S.W.3d 460, 463 (Tex. App. —Austin 1999, no pet.) (citing *Fierro v. State*, 706 S.W.2d 310, 317-18 (Tex. Crim. App. 1986) (police officer can identify marihuana based on experience)). It would appear that Saval's testimony was admissible under both Rules 701 and 702.

*$7,058.84 in U.S. Currency v. State*, 30 S.W.3d 580 (Tex. App.—Texarkana 2000, no pet.), is closely on point with the instant case. There, the claimant in a forfeiture proceeding, growing out of a drug-related felony, contended that the trial court erred in failing to exclude a deputy sheriff's testimony identifying a green, leafy substance found in a holding cell as marihuana. The claimant contended that the State did not designate the deputy as a testifying expert during discovery and did not qualify him as an expert witness under Rule 702. On appeal, the court held that

9

the deputy's testimony was admissible under Rule 701, and the State did not violate discovery by failing to disclose the deputy as a testifying expert. *Id.* at 584-85.[6]

Thus, Officer Saval's testimony as to the substance being marihuana was admissible under Rule 701, given the circumstances. Article 39.14(b), relied upon by appellant, is not applicable to witnesses testifying under Rule 701. While the trial court held the evidence admissible for another reason, it is clear that if a trial court's decision is correct on any theory of the law applicable to the case it will be sustained, even if the trial court gives the wrong reason for its decision. *Romero v. State*, 800 S.W.2d 539, 543-44 (Tex. Crim. App. 1990); *Couchman v. State*, 3 S.W.3d 155, 158 (Tex. App.—Fort Worth 1999, pet. ref'd).

Even if Saval's testimony was that of an expert witness and admissible only under Rule 702 to which article 39.14(b) applies, we would first have to find an abuse of discretion by the trial court before finding error. Evidence "willfully" withheld from disclosure under a discovery order should be excluded from evidence. *Hollowell v. State*, 571 S.W.2d 179, 180 (Tex. Crim. App. 1978); *Saldivar v. State*, 980 S.W.2d 475, 497 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). However, the extreme sanction of exclusion should not be imposed absent wilfulness on the part of the prosecution. *Peña v. State*, 864 S.W.2d 147, 149 (Tex. App.—Waco 1993, no pet.); *State v. Wright*, 830 S.W.2d 309, 313 (Tex. App.—Tyler 1992, no pet.).

As noted earlier, case law has for some time required the State to disclose the witnesses it intends to use upon a defendant's request and trial court's order. *Hightower*, 629 S.W.2d

---

[6] The opinion does mention article 39.14(b). The trial may have occurred prior to the effective date of the statute.

at 925. If the trial court allows a State's witness not on the required list to testify, appellate courts review that decision for an abuse of discretion. *Stoker*, 788 S.W.2d at 15; *Martinez v. State*, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993); *Hardin v. State*, 20 S.W.3d 84, 88 (Tex. App.—Texarkana 2000, pet. ref'd). Such an appellate review usually encompasses two factors: (1) whether the State's action constituted bad faith, and (2) whether the defendant could have reasonably anticipated that the undisclosed witness would testify. *Nobles v. State*, 843 S.W.2d 503, 514-15 (Tex. Crim. App. 1992); *Hardin*, 20 S.W.3d at 88.

There is nothing in this appellate record to suggest that the State acted in bad faith or willfully failed to respond to the trial court under article 39.14(b). The prosecution did not then nor does it now consider Saval to be an expert witness. Appellant has not shown that the State intended to deceive her and does not claim that the State's action left inadequate time to prepare. *See Hardin*, 20 S.W.3d at 88. Moreover, an offense report was made available to appellant prior to her notice request under article 39.14(b). Saval was the arresting officer and was an essential witness under any circumstances. The offense report clearly indicated that Saval's personal knowledge of the discovered substance was rationally based on her subjective perception. Clearly, appellant could have anticipated Saval's testimony, most of which was included in the offense report. If appellant was caught off guard, she did not request the trial court to grant a recess, postponement or continuance to remedy the situation. *See Hardin*, 20 S.W.2d at 88-89. Having found no bad faith and that appellant could have reasonably anticipated Saval's testimony, we conclude that the trial court did not abuse its discretion if Saval's testimony as to the marihuana was admissible only under Rule 702.

We decline to adopt a different standard of review because of the enactment of article 39.14(b).[7] The first point of error is overruled.

**Legal Sufficiency**

In her second point of error, appellant contends that "without the State's legal expert, there is legally insufficient evidence to sustain a conviction."

The standard for reviewing the legal sufficiency of evidence is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found beyond a reasonable doubt all the essential elements of the offense charged. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Skillern v. State*, 890 S.W.2d 849, 879 (Tex. App.—Austin 1994, pet. ref'd).

In applying this standard of review, it is important to remember that all the evidence the trier of fact was permitted, properly or improperly, to consider must be taken into account in determining the legal sufficiency of the evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *Garcia v. State*, 919 S.W.2d 370, 378 (Tex. Crim. App. 1994); *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993); *Steinbach v. State*, 979 S.W.2d 836, 838 (Tex. App.—Austin 1998, no pet.).

Thus, Officer Saval's testimony identifying the substance as marihuana can be considered in determining the sufficiency of the evidence regardless of whether it was properly received into evidence. In addition, there was Saval's testimony describing appellant's admission

---

[7] Appellant would have us adopt a different standard of review, citing cases dealing with the notice requirement in Rule 404(b) of the Texas Rules of Evidence. *See, e.g., Webb v. State*, 36 S.W.3d 164, 177-80 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

against interest that the substance was marihuana. A witness may testify at trial that he was told by the accused that a substance in the possession of the accused was a controlled substance, and such testimony is admissible evidence of the accused's possession thereof. *See Roberts*, 9 S.W.3d at 462; *Bright v. State*, 556 S.W.2d 317, 322 (Tex. Crim. App. 1977); *Stein v. State*, 514 S.W.2d 927, 933-34 (Tex. Crim. App. 1974). Appellant's voluntary on-the-scene admission was not the result of custodial interrogation. *See State v. Waldrop*, 7 S.W.3d 836, 839 (Tex. App.—Austin 1999, no pet.) (citing *Stevenson v. State*, 958 S.W.2d 824, 829 (Tex. Crim. App. 1994)). We reject appellant's claim that the statement was an extra-judicial confession requiring corroboration. The second point of error is overruled.

The judgment is affirmed.

_____

\_

John F. Onion, Jr., Justice

Before Justices Kidd, Puryear and Onion[*]

Affirmed

Filed: October 18, 2001

Publish

\* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).