NUMBER 13-05-005-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

THE STATE OF TEXAS,                                                                  Appellant,

 

                                                             v.

 

JEREMY JAMES BALKE,                                                               Appellee.

 

                           On
appeal from the County Court at Law 

                                    of
San Patricio County, Texas.

 

 

                               MEMORANDUM
OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Garza

                            Memorandum
Opinion by Justice Garza           

 








The State of Texas appeals from the trial court's
order suppressing evidence of intoxilyzer results in its driving‑while‑intoxicated
(DWI) case against Jeremy James Balke. 
By one issue, the State claims that the trial court erred in suppressing
all evidence pertaining to appellee=s intoxilyzer results due to the State=s failure to comply with a discovery order.  We agree. 
Therefore, the trial court=s suppression order is reversed, and the case is
remanded to the trial court for proceedings consistent with this opinion.   

I.  Jurisdiction 

 

We have jurisdiction under article 44.01 (a) (5) of
the Texas Code of Criminal Procedure.   Tex. Code Crim. Proc. Ann. art.
44.01(a)(5) (Vernon Supp. 2003).  The
State may appeal a court order granting a motion to suppress evidence if
jeopardy has not attached in the case and if the prosecuting attorney certifies
to the trial court that the appeal is not taken for the purpose of delay and
that the evidence is of substantial importance in the case.  Id.  In the present case, the trial court granted
appellee=s motion to suppress evidence, jeopardy has not
attached, and the State made the appropriate certification. 

II.  Suppression of Intoxilyzer Results 

The issue before us is whether the trial court
abused its discretion in imposing the severe sanction of exclusion with respect
to appellee=s intoxilyzer results.  State v. Wright, 830 S.W.2d 309, 313
(Tex. App.BTyler 1992, no pet.). 

On June 7, 2004, defense counsel filed a motion for
discovery, requesting production of specified categories of evidence.  The trial court granted the motion in part
and denied the motion in part on September 27, 2004.  The order did not specify a date for the
State=s production of the evidence, and the motion did not
request one.  








Article 39.14(a) of the Texas Code of Criminal
Procedure requires that the discovery order specify the time, place, and manner
of making the inspection and taking the copies of any of the requested
documents or tangible evidence, and also requires that any inspection shall be
in the presence of a representative of the State.  Tex.
Code Crim. Proc. Ann. art. 39.14(a) (Vernon 2003).  Nonetheless, a trial court does not err in
failing to specify in the discovery order the time, place and manner to produce
evidence when the defendant does not ask it to do so.  Kinnamon v. State, 791 S.W.2d 84,
91-92 (Tex. Crim. App. 1990), overruled on other grounds, Cook v. State,
884 S.W.2d 485, 491 (Tex. Crim. App. 1994). 
When no specific time, place or manner of discovery of the requested
materials is specified by the court=s order, production of such materials prior to trial
does not violate the discovery order.  State
v. LaRue, 108 S.W.3d 431, 435 (Tex. App.BBeaumont
2003), aff'd, 152 S.W.3d 95 (Tex. Crim. App. 2004); Murray v. State,
24 S.W.3d 881, 893 (Tex. App.BWaco 2000, pet. ref=d)
(holding that there was no violation of court=s
discovery order where no deadlines were imposed by trial court).  








In the present case, the record reflects that the
suppression hearing leading to the exclusion of the intoxilyzer results was
held on April 25, 2005.  The record
further reflects that at the time of the suppression hearing a trial date had
not yet been set.  A trial date not set
until the day after the hearing, at which time trial was scheduled for June 2,
2005.  At the suppression hearing, the
trial court concluded that the State failed to comply with the discovery order
because the State had not produced the requested documents during the six month
period between the date the court entered the order granting discovery and the
date of the suppression hearing.  The
State explained that it planned to produce the documents Aconsidering when our trial date would be.@  The court
did not conclude that the State=s conduct in failing to comply with the discovery
order was in bad faith or willful, nor does the record reflect a willful
violation of the order.  See Hollowell
v. State, 571 S.W.2d 179, 180 (Tex. Crim. App. 1978) (stating that evidence
willfully withheld from disclosure under a discovery order should be excluded
from evidence);  LaRue, 108 S.W.3d
at 434 (defining a willful act as one that is "done voluntarily and
intentionally, with the specific intent to disobey the law); Osbourn v.
State, 59 S.W.3d 809, 816 (Tex. App.BAustin 2001), aff=d, 92
S.W.3d 531 (Tex. Crim. App. 2002) (stating that evidence should not be excluded
absent evidence the State acted in bad faith in failing to disclose the
evidence or willfully failed to respond to the trial court=s order under art. 39.14(b)); Saldivar v. State,
980 S.W.2d 475, 497 (Tex. App.BHouston [14th Dist.] 1998, pet. ref'd).  The extreme sanction of exclusion should not
be imposed absent bad faith or willfulness on the part of the State.  Pena v. State, 864 S.W.2d 147, 149 (Tex.
App.BWaco 1993, no pet.); Wright, 830 S.W.2d at
313.

Because no deadline was imposed in the present case,
the State=s failure to produce the documents in a more timely
fashion was not a violation of the court=s discovery order. 
See Murray, 24 S.W.3d at 893.  In addition, absent a finding or evidence in
the record that the State acted in bad faith or willfully failed to comply with
the discovery order, the trial court should not have excluded the
evidence.  Osburn, 59 S.W.3d at
816.  We therefore conclude that the
trial court abused its discretion in imposing the sanction of exclusion of evidence
with respect to the intoxilyzer results. 
Therefore, we sustain the State=s sole issue. 
The trial court=s suppression order is reversed, and the case is
remanded to the trial court for proceedings consistent with this opinion. 

 

                                                              
                                                     

DORI CONTRERAS GARZA,

Justice

 

Do not publish. 


Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 23rd day of February, 2006.