# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00672-CR
NO. 03-04-00673-CR

**Leonard Seals, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NOS. B-02-0694-S & B-02-0695-S, HONORABLE TOM GOSSETT, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Leonard Seals guilty of capital murder and attempted capital murder. *See* Tex. Pen. Code Ann. § 15.01 (West 2003), § 19.03 (West Supp. 2005). The punishment for both offenses is life imprisonment. Appellant contends the trial court abused its discretion by permitting the State to reopen its evidence to call a witness who had not been disclosed to the defense, and by giving the defense only thirty minutes to prepare for this witness. Finding no abuse of discretion, we affirm the convictions.

Jesse Lazenby and Julio Moreno were friends and occasional drug dealers. Lazenby testified that on the night of December 13, 2001, he and Moreno went to Cassandra Washington's house in response to a telephone call. When they entered the house, several armed men emerged from a closet and ordered Lazenby and Moreno to get on their knees. The men demanded that

Lazenby and Moreno give them all their money and drugs. Lazenby said that neither he nor Moreno had drugs or any significant amount of money. After taking what property they had, the assailants ordered Lazenby and Moreno to get into Moreno's car. Two of the armed men got into the car with them, and they drove to a swimming pool accompanied by Washington in a second car. The men ordered Moreno out of the car and fatally shot him. Lazenby attempted to flee but was also shot.

After shooting Lazenby and Moreno, the assailants left in Washington's car. Lazenby used Moreno's car to drive to a store and summon help. Lazenby identified appellant at trial as the man who shot him. A ballistics expert testified that the bullets taken from Lazenby and the bullet found in Moreno's body were fired by the same weapon.

Bryan Ayers testified that at Washington's suggestion, he, appellant, and Ronald Hines drove to San Angelo from New Orleans to purchase drugs. When the two drug dealers arrived at Washington's house, appellant and Hines robbed them and ordered them to get into their car. Washington, Hines, and appellant then drove off with the two men, leaving Ayers at Washington's house. Ayers testified that Hines and appellant returned with Washington about an hour later and told Ayers they were going to return to New Orleans that night. Appellant later told Ayers that he had shot and killed the two men.

After the State had rested and the defense had called nine witnesses, the State was permitted to reopen and call Ronald Hines to testify over appellant's objection that he was not on the State's witness list. The court also overruled a defense request for a two-day recess to prepare for Hines's testimony, saying that it would instead give the defense a thirty-minute break before it began its cross-examination.

2

Hines had pleaded guilty the day before pursuant to a plea bargain that required him to testify at appellant's trial. Hines testified that Washington planned the robbery of the two drug dealers. When no drugs or money were found, Hines and appellant drove with the two victims to the scene of the shooting, following Washington and Ayers who were in Washington's car. When they got to the swimming pool, Washington began to drive away. Hines said that he ran after her on foot. As he did, he heard shots, turned, and saw two bodies on the ground. Hines said that appellant was the only person who could have fired the shots.

Appellant concedes that a trial court has the discretion to permit either party to reopen and offer additional testimony before argument is concluded. *See* Tex. Code Crim. Proc. Ann. art. 36.02 (West 1981); *Peek v. State*, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003); *Rogers v. State*, 774 S.W.2d 247, 263 (Tex. Crim. App. 1989). Appellant also concedes that a trial court has the discretion to permit testimony by a witness who is not on the State's witness list. *See* Tex. Code Crim. Proc. Ann. art. 39.14(b) (West Supp. 2005); *Richardson v. State*, 744 S.W.2d 65, 77 (Tex. Crim. App. 1987); *Osbourn v. State*, 59 S.W.3d 809, 816 (Tex. App.—Austin 2001), *aff'd*, 92 S.W.3d 531 (Tex. Crim. App. 2002). He argues, however, that the trial court abused its discretion by permitting the State to reopen for the purpose of calling an undisclosed witness, and then allowing defense counsel only thirty minutes to prepare his cross-examination.

Defense counsel acknowledged to the trial court that he had contemplated the possibility that Hines would testify and had been in regular contact with Hines's attorneys. In fact, during his cross-examination of Hines, counsel indicated that he knew that the State had been attempting for three days to reach an agreement with Hines. Counsel also acknowledged to the court

3

that he was present when Hines entered his plea, and thus had known since the night before that Hines would be called as a witness. There is no evidence that the State manipulated the plea bargaining process or otherwise acted in bad faith in order to surprise the defense with Hines's testimony. Given the relevance of Hines's testimony, the absence of any showing of bad faith on the State's part, and the defense's awareness that Hines might possibly testify, we conclude that no abuse of discretion is shown in permitting the State to reopen for the purpose of calling Hines to testify. And because counsel had known since the night before that Hines would testify, the trial court did not abuse its discretion by concluding that defense counsel had adequate time to prepare.

We overrule appellant's points of error and affirm the judgments of conviction.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   April 20, 2006

Do Not Publish

4