COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



JANG YOU,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00168-CR



Appeal from the


County Court at Law No. 4


of Collin County, Texas


(TC# 004-84907-05)



O P I N I O N


 Appellant Jang You appeals his conviction for misdemeanor driving while intoxicated. He
raises two issues for review. For the reasons that follow, we affirm the conviction.

FACTUAL AND PROCEDURAL BACKGROUND

 In the early morning hours of June 11, 2005, Officer Troy Cubberly of the Richardson Police
Department was driving on the Central Expressway near Dallas. There were several vehicles on the
road in front of the officer's patrol car when he turned on his in-car video camera. He noticed a
black pickup truck two cars ahead of him cross over the left lane divider and drift back into its own
lane. The officer followed the truck for an additional two and one-half to three miles. He witnessed
the truck continue to cross the lane dividers on either side. At times, the truck straddled the lines
before moving back to the lane it came from. As the truck was approaching the Renner Road exit,
it slowed abruptly, started to move off the roadway, and nearly hit a road sign slightly beyond the
exit lane. The truck then returned to the highway and suddenly accelerated to eighty-two miles per
hour. Officer Cubberly then activated his overhead lights and pulled the truck over.

 When Officer Cubberly reached the vehicle, he noted that the driver's (Appellant's) speech
was slow and slurred. He also noticed that Appellant's breath smelled strongly of alcohol, and his
eyes were watery. During their discussion, Appellant admitted at least twice that he had a couple
of drinks or a couple of beers that evening. Despite indications that Appellant was not a native 
speaker, the officer testified that he was able to understand and follow directions. Officer Cubberly
asked why he was having trouble maintaining his lane, but Appellant was not able to give a reason.

 The officer administered three field sobriety tests, the horizontal gaze nystagmus (HGN) test,
the walk-and-turn test, and the one-leg stand test. Each test has a specific number of "clues" that are
indicators of intoxication. According to the officer's testimony, the "decision point" for determining
that an individual is intoxicated under the HGN test is four clues; Appellant showed six. There are
eight potential "clues" for the walk-and-turn test, with a decision point at two clues; Appellant
exhibited four. Officer Cubberly also administered the one-leg stand test. Appellant performed
satisfactorily on the third test, not exhibiting any clues. At the conclusion of all three tests, and
based on the totality of the circumstances, the officer concluded that Appellant was intoxicated and
placed him under arrest.

 Appellant was charged with driving while intoxicated (DWI) under Texas Penal Code
section 49.04. Appellant plead not guilty, and the case was tried to a jury on April 17, 2006. Officer
Cubberly was the only witness to testify at trial. The jury found the Appellant guilty of DWI. The
Appellant was sentenced to sixty days' confinement. The trial court suspended the sentence in favor
of one year's community supervision.

 Appellant raises two issues. In Issue One, he argues that the trial court abused its discretion
by allowing Officer Cubberly to testify as an expert witness. In Issue Two, he argues that the
evidence is legally and factually insufficient to support his conviction. Finding no prejudicial error,
we affirm the conviction.

DISCUSSION

 In Issue One, Appellant challenges the trial court's decision to allow Officer Cubberly to
testify as an expert witness. On January 31, 2006, Appellant filed a "Motion to List Expert
Witnesses," pursuant to article 39.14(b) of the Texas Code of Criminal Procedure. The State filed
a "Discovery Response" on February 13, 2006, listing the witnesses, including experts, it intended
to call at trial. Officer Cubberly was listed as a witness, but not identified as an expert. Before
opening statements, defense counsel objected to Officer Cubberly's testifying as an expert related
to his training and experience with DWI arrests and the administration of sobriety tests. The trial
court overruled the objection. Officer Cubberly was permitted to testify, as an expert, about his
training in identifying intoxication, his certification to perform the HGN test, and the observations
that led him to believe Appellant was intoxicated.

 Appellant contends that he was at a disadvantage in preparing for trial and was harmed by
the State's failure to disclose, due to an expert witness's "special status." He also argues that there
is evidence of the State's bad faith in failing to disclose the officer as an expert, because the State
did disclose information on another expert when it omitted the officer. (1)

 The common law requirement that, upon request, the State disclose witnesses who will testify
at trial has been codified in article 39.14(b) of the Texas Code of Criminal Procedure. Depena v.
State, 148 S.W.3d 461, 465 (Tex. App.--Corpus Christi 2004, no pet.) (citing Stoker v. State, 788
S.W.2d 1, 15 (Tex. Crim. App. 1989), and Beets v. State, 767 S.W.2d 711, 747 (Tex. Crim. App.
1987)). This provision reads:

 On motion of a party and on notice to the other parties, the court in which an
action is pending may order one or more of the other parties to disclose to the party
making the motion the name and address of each person the other party may use at
trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence. 
The court shall specify in the order the time and manner in which the other party
must make the disclosure to the moving party, but in specifying the time in which the
other party shall make disclosure the court shall require the other party to make the
disclosure not later than the 20th day before the date the trial begins.


Tex. Code Crim. Proc. Ann. art. 39.14(b).

 When the prosecution fails to disclose evidence in violation of a discovery order, that
evidence should not be admitted into evidence at trial. Depena, 148 S.W.3d at 467. If the trial court
allows an undisclosed witness to testify, we review the decision for an abuse of discretion. 
Castaneda v. State, 28 S.W.3d 216, 223 (Tex. App.--El Paso 2000, pet. ref'd). To determine
whether the trial court abused its discretion by allowing an undisclosed witness to testify, we will
consider whether the prosecutor was acting in bad faith in failing to disclose and whether the
defendant could reasonably have anticipated that the witness would testify, despite his name's having
been omitted from the witness list. Id. The exclusionary sanction is extreme, and it should not be
imposed without willfulness on the part of the prosecution. Osbourn v. State, 59 S.W.3d 809, 816
(Tex. App.--Austin 2001), aff'd on other grounds, 92 S.W.3d 531 (Tex. Crim. App. 2002).

 Unless a defendant can show that the omission of a name from the State's witness list
resulted from the prosecutor's bad faith or that he could not reasonably have anticipated the State's
calling such undisclosed witness, the trial court's discretion will not be disturbed on appeal. Depena,
148 S.W.3d at 467. To determine whether the prosecution acted in bad faith, we will consider
whether there was an intent to deceive, whether the State's notice left adequate time to prepare, and
whether the State freely provided the defense with information. Id. In addition, any error created
by allowing the undisclosed witness to testify over the defendant's claim of surprise is made
harmless by the defendant's failure to move for a continuance. Barnes v. State, 876 S.W.2d 316, 328
(Tex. Crim. App. 1994).

 While we do not condone the prosecutor's failure to designate Officer Cubberly as an expert
witness, the record does not demonstrate willfulness or bad faith. The prosecutor admitted the
officer should have been listed as an expert. The record also indicates the officer's name was only
inadvertently omitted from the expert witness list.

 The record also shows Appellant not only could have reasonably anticipated the officer's
testimony, but in fact did anticipate it. Appellant was on notice that Officer Cubberly would testify,
not only because he was the arresting officer, but because his name was listed as a witness on the
prosecution's discovery list. There is also evidence that defense counsel anticipated that the officer
would testify as an expert and what the substance of his testimony would be. During the discussion
on Appellant's objection, defense counsel stated, "Your Honor, additionally, I think that it's also fair
to assume that these officers are going to testify about their training and experience as police officers
and that that's how they arrived at the result that [Appellant] was intoxicated . . . ." In addition, any
error is rendered harmless by the fact that defense counsel did not request a continuance or recess
to examine the witness or to prepare for cross-examination. See Barnes, 876 S.W.2d at 328. 
Appellant has failed to demonstrate that the trial court abused its discretion. Accordingly, we
overrule Issue One.

 In Issue Two, Appellant asserts that the evidence is legally and factually insufficient to
support the jury's verdict. (2)

 In a legal sufficiency review, we must view the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000)
(citing Jackson v. Virginia, 443 U.S. 307 (1979)); Hernandez v. State, 946 S.W.2d 108, 110-11 (Tex.
App.--El Paso 1997, no pet.). We do not resolve any conflict of fact, weigh any evidence, or
evaluate the credibility of any witnesses, as these are the functions of the trier of fact. Tex. Code
Crim. Proc. Ann. art. 38.04; Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). As
a reviewing court, our duty is to determine whether both the implicit and explicit findings of the trier
of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the
verdict. See Adelman v. State, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). Any inconsistencies
in the evidence are resolved in favor of the verdict. Matson v. State, 819 S.W.2d 839, 843 (Tex. 

Crim. App. 1991).

 In a factual sufficiency review, on the other hand, we will view all the evidence in a neutral
light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Evidence is factually insufficient if it is so
weak that it would be clearly wrong and manifestly unjust to allow the verdict to stand or if the
finding of guilt is against the great weight and preponderance of the available evidence. Johnson,
23 S.W.3d at 11. Therefore, we ask whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. See id. at 8-9; Clewis, 922 S.W.2d at 136. The jury is the
exclusive judge of the facts. Tex. Code Crim. Proc. Ann. art. 36.13. As the fact finder, the jury
was to determine Cubberly's credibility and what weight to afford his testimony. Margraves, 34
S.W.3d at 919. The reconciliation of conflicts in the evidence is also within the exclusive province
of the jury. Id. Consequently, we may find the evidence factually insufficient only where necessary
to prevent a manifest injustice from occurring. See Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997).

 Appellant was convicted of DWI under section 49.04 of the Texas Penal Code, which
provides that "A person commits an offense if the person is intoxicated while operating a motor
vehicle in a public place." Tex. Penal Code Ann. § 49.04.

 The jury was free to infer from the evidence, as discussed above, that Appellant's erratic
driving, unsatisfactory performance on two out of three sobriety tests, and slurred speech were
caused by intoxication. The jury was within its role as fact finder to take into account the arresting
officer's testimony and opinion that Appellant was intoxicated. The jury also could reasonably have
inferred that Appellant was intoxicated, despite his accent and inexperience with the English
language.

 When we view the evidence in a light most favorable to the verdict, it is sufficient to sustain
the verdict. In addition, even when viewed in a neutral light, the evidence is not so weak as to make
the jury's decision manifestly unjust. As the evidence was legally and factually sufficient to sustain
the jury's verdict, we overrule Issue Two.

 Having overruled both of Appellant's issues, we affirm the conviction.


 KENNETH R. CARR, Justice


April 26, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. The State's Discovery Response included an identified "technical supervisor" from "SWIFS," the Southwest
Institute of Forensic Sciences, in Dallas. The State intended to call this expert to testify about the administration and
results of the Appellant's intoxilyzer test, but the technical supervisor was not permitted to testify, because the trial court
excluded the testimony of the officer who administered the breath test.
2. In support of his legal and factual insufficiency point, Appellant argues:


 In this case, Cubberly followed Appellant for three miles before stopping him. Appellant
pulled over fairly quickly and turned on his hazard lights. Appellant satisfactorily performed the one-leg stand test for Cubberly and admitted to drinking only a couple of beers.

 

 Cubberly claims Appellant had slurred speech; however, Cubberly admitted that Appellant
was clearly from another country, with English as his second language. For the same reason, it is
certainly reasonable that Appellant could have had a difficult time recognizing Cubberly's instructions
and following them to Cubberly's satisfaction.